Rule 23 order filed
 NO. 5-02-0767

December 15, 2003;

Motion to publish granted
 IN THE

January 21, 2004.

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

___________________________________________________________________________

EDEN RETIREMENT CENTER, INC., )  Appeal from the

)  Circuit Court of

Plaintiff-Appellee, )  Madison County.  

)

v. )  No. 01-MR-241

)

THE DEPARTMENT OF REVENUE, )

THE VILLAGE OF GLEN CARBON, and )

EDWARDSVILLE COMMUNITY UNIT )

SCHOOL DISTRICT NO. 7, ) 

)

Defendants-Appellants, ) 

and )

)

THE COUNTY OF MADISON, )  Honorable

)  Daniel J. Stack,

Defendant.   )  Judge, presiding.  

___________________________________________________________________________

JUSTICE WELCH delivered the opinion of the court:

The Department of Revenue of the State of Illinois, Edwardsville Community Unit School District No. 7, and the Village of Glen Carbon (collectively the defendants) appeal an order of the circuit court of Madison County granting the plaintiff, Eden Retirement Center, Inc., a charitable-use exemption for certain real property owned by the plaintiff for the tax year 1996.  For the reasons that follow, we affirm the ruling of the circuit court.

The plaintiff is incorporated in Illinois as a not-for-profit corporation and is a qualified tax-exempt corporation pursuant to section 501(c)(3) of the Internal Revenue Code (26 U.S.C. §501(c)(3) (1994)).  The bylaws of the plaintiff contain the following language:

"All entrance fees, monthly maintenance charges, routine service charges, nursing care charges, and non[]rated charges may be waived in full, reduced in part, or liability for payment postponed based upon the individual's inability to pay and the Association's financial circumstances."

The plaintiff's property consists of a skilled-care nursing home, an apartment building containing independent living apartments, and single-story duplexes containing independent living units.

In 1996, the plaintiff applied to the Department of Revenue for a property tax exemption on a parcel of property containing five single-story duplex buildings containing 10 independent living residence units owned by the plaintiff and leased to individuals.  The Madison County Board of Review (Board) sent out notices of a hearing on the application, and Edwardsville Community School District No. 7 and the Village of Glen Carbon, taxing districts with tax revenue interests in the subject properties, petitioned to intervene.  The Board recommended a denial of the plaintiff's application.  After an administrative hearing, the Department of Revenue adopted the Board's recommendation and denied the application, finding that the plaintiff did not meet the requirements necessary for the exemption.  The circuit court reversed, holding that pursuant to section 15-65 of the Property Tax Code (35 ILCS 200/15-65 (West 2000)), the plaintiff was entitled to the exemption by virtue of the above-quoted language in its bylaws and its federal tax-exempt status.  The defendants filed a motion to modify the judgment, which the circuit court denied.  The defendants now appeal.

Neither party contests the administrative agency's findings of fact.  Rather, this appeal involves a review of the agency decision on a pure question of law.  Accordingly, we conduct a 
de novo
 review of the decision.  
Carpetland U.S.A., Inc. v. Illinois Department of Employment Security
, 201 Ill. 2d 351, 369, 776 N.E.2d 166, 177 (2002).  The legal positions of the parties and the decision of the administrative agency may be summarized as follows.  The plaintiff contends that pursuant to section 15-65 of the Property Tax Code (35 ILCS 200/15-65 (West 2000)), which sets forth the requirements for a charitable-use tax exemption, the plaintiff is entitled as a matter of law to an exemption for the property at issue.  The defendants contend that in addition to the requirements of section 15-65(c) of the Property Tax Code (35 ILCS 200/15-65(c) (West 2000)), the plaintiff must also demonstrate actual and exclusive charitable use of the property as set forth in the opening sentence of section 15-65 and as defined in 
Methodist Old Peoples Home v. Korzen
, 39 Ill. 2d 149, 233 N.E.2d 537 (1968).  The administrative law judge (ALJ) who rendered the agency decision agreed with the position advocated by the defendants.  Because we believe that the defendants misconstrue the plain language of section 15-65 by adding the 
Korzen
 requirement, we agree with the position advocated by the plaintiff.

The present version of the statute in question states in pertinent part:

"All property of the following is exempt when actually and exclusively used for charitable or beneficent purposes[] and not leased or otherwise used with a view to profit:

* * *

(c) Old people's homes *** if, upon making application for the exemption, the applicant provides affirmative evidence that the home or facility or organization is an exempt organization under paragraph (3) of Section 501(c) of the Internal Revenue Code or its successor, and either: (i) the bylaws of the home or facility or not-for-profit organization provide for a waiver or reduction, based on an individual's ability to pay, of any entrance fee, assignment of assets, or fee for services, or (ii) the home or facility is qualified, built[,] or financed under Section 202 of the National Housing Act ***, as amended."  35 ILCS 200/15-65(c) (West 2002).

The plaintiff contends that because the plaintiff is an exempt organization under paragraph (3) of section 501(c) of the Internal Revenue Code and because the plaintiff's bylaws provide for a waiver or reduction, based on an individual's ability to pay, of the plaintiff's entrance fee, the plaintiff meets the requirements of the Property Tax Code and is entitled as a matter of law to the requested property tax exemption.  The defendants contend that in addition to the requirements of section 15-65(c), the plaintiff must also demonstrate the actual and exclusive charitable use of the property as set forth in the opening sentence of section 15-65 and as defined in 
Korzen
.

When 
Korzen
 was decided in 1968, the predecessor to the present section 15-65 included in its enumeration of property exempt from taxation the following:

"all property of old people's homes, when such property is actually and exclusively used for such charitable and beneficent purposes[] and not leased or otherwise used with a view to profit."  Ill. Rev. Stat. 1965, ch. 120, par. 500.7.

Accordingly, at that time there was no requirement in the Property Tax Code that the old people's homes be tax-exempt organizations under the Internal Revenue Code and have bylaws containing waiver language.  It is therefore natural that a decision interpreting the Property Tax Code as it existed at that time would focus on the language requiring an actual and exclusive charitable use and, in the absence of legislative guidance, would seek to define what constitutes an actual and exclusive charitable use for purposes of the statute.  The 
Korzen
 decision did just that, developing a six-part test to determine a charitable use.  
Korzen
, 39 Ill. 2d at 156-57, 233 N.E.2d at 541-42.  However, subsequent to the 
Korzen
 decision, the General Assembly in 1984 amended the statute to exempt the following:

"all property of old people's homes *** when such property is actually and exclusively used for such charitable or beneficent purposes[] and not leased or otherwise used with a view to profit ***.  
All old people's homes or homes for the aged *** shall qualify for the exemption stated herein, if, upon making application for such exemption, the applicant provides affirmative evidence that such home or facility is an exempt organization pursuant to paragraph (3) of Section 501(c) of the Internal Revenue Code *** and the bylaws of the home or facility provide for a waiver or reduction of any entrance fee, assignment of assets[,] or fee for services, based upon the individual's ability to pay
."  (Emphasis added.)  Ill. Rev. Stat. 1985, ch. 120, par. 500.7.

We believe that this amendment evinces the intent of the General Assembly to clearly and unambiguously state that with regard to old people's homes, an actual and exclusive charitable use arises as a matter of law when the statutory requirements emphasized above are met.  Subsequently, the statute was amended to its present form, quoted earlier in this decision, with subsection (c) of the present section 15-65 clearly separating the requirements for old people's homes from the requirements for the types of facilities listed in subsections (a), (b), (d), (e), and (f) of the present version of the statute (35 ILCS 200/15-65(a), (b), (c), (d), (e), (f) (West 2002)).  Accordingly, we believe that the plain language of the present statute dictates that when a facility fitting within the parameters of section 15-65(c)–
e.g.
, an old people's home–meets the requirements that it (1) be an exempt organization under paragraph (3) of section 501(c) of the Internal Revenue Code and (2) either have bylaws that provide for a waiver or reduction, based on an individual's ability to pay, of entrance fees, assignment of assets, or fee for services or have been qualified, built, or financed under section 202 of the National Housing Act (12 U.S.C. §1701 
et seq.
 (1994)), then that facility is entitled to a charitable-use property tax exemption as a matter of law, without having to clear the additional nonstatutory hurdles imposed by the 
Korzen
 decision and intended to apply only to the pre-1984 version of the Property Tax Code.  Because in the case at bar the plaintiff, an exempt organization under paragraph (3) of section 501(c) of the Internal Revenue Code with bylaws providing for a waiver or reduction, based on an individual's ability to pay, of the applicable entrance fee, clearly met the statutory requirements of section 15-65(c) for tax year 1996, the plaintiff is entitled as a matter of law to the requested exemption.

We note that on appeal the defendants contend that the plaintiff has waived the foregoing legal argument.  They allege that the plaintiff did not raise the argument in the administrative hearing.  We do not agree.  The transcript of the administrative hearing reveals that during the cross-examination of the plaintiff's first witness, the plaintiff postured an objection to a series of questions posed by the defendants which were apparently aimed at determining whether the property in question was used for charitable purposes or for profit.  The plaintiff justified the objection by raising the very argument the plaintiff ultimately made and prevailed upon before the circuit court.  The plaintiff did not mention 
Korzen
 by name but  argued: "[The plaintiff is] entitled to the exemption if they have a [section] 501(c)(3) letter.  And their by[]laws provide that they may waive the entrance fees.  And that's all that's required under the statute."  The plaintiff clearly laid out its legal position and for all practical purposes invited the ALJ to entertain the merits of that legal argument.  Although the ALJ overruled the plaintiff's objection, he did not indicate that he was doing so because he faulted the plaintiff's legal argument, nor did he give the plaintiff the opportunity to further develop that argument.  Rather, the ALJ merely asked the parties to "limit the number of questions on this particular point and proceed with some other."  Accordingly, the argument was dropped and cross-examination continued.  Nevertheless, we believe that the plaintiff's attempt to make its legal argument to the ALJ was sufficient to preserve that argument for appeal.  The plaintiff's argument has not been waived.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

CHAPMAN, P.J., and DONOVAN, J., concur.